John R. Clemency (Bar No. 009646)
Julie Rystad (Bar No. 019978)
Craig Solomon Ganz (Bar No. 023650)
Janel M. Glynn (Bar No. 025497)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: john.clemency@gknet.com
julie.rystad@gknet.com
craig.ganz@gknet.com
janel.glynn@gknet.com
*Proposed Attorneys for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| HESPERIA GROUP INVESTMENTS, LLC, | Case No. 0:13-bk-17867 |
| Debtor. | **DECLARATION OF NILAY PATEL IN SUPPORT OF CHAPTER 11 BANKRUPTCY FILING AND FIRST DAY MOTIONS** |

This Declaration is filed by Nilay S. Patel ("Nilay Patel") on behalf of Hesperia Group Investments, LLC (the "Debtor") in connection with the above captioned voluntary Chapter 11 bankruptcy case.

I, Nilay Patel, declare as follows under penalty of perjury under the laws of the United States of America:

1. I am over 18 years of age and competent to make this Declaration.

2. I am the Managing Member of the Debtor. I am thoroughly familiar with all aspects and operations of the Debtor including the day-to-day operations, business affairs, books and records, and all rules and regulations, applicable to the Debtor.

3. I am also a managing member with Advance Management & Investment,

LLC ("Advance Management"), located in the State of Arizona. Through Advance Management, I am currently managing the Holiday Inn Express & Suites hotel located at 9750 Key Point Avenue, Hesperia, CA 92345 on approximately 2 acres of land (the "Hotel") that is owned by the Debtor.

4. On October 11, 2013 (the "Petition Date"), the Debtor filed its voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). The Debtor continues in possession of its property and the management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankuptcy Code.

5. To enable the Debtor to operate more effectively and efficiently, and to avoid the adverse effects of the Chapter 11 filing, various types of relief are requested in "early case" motions filed with the Court along with this Declaration.

6. I submit this Declaration in support of the early case motions and the voluntary petition filed by the Debtor. Any capitalized term not expressly defined in this Declaration shall have the meaning ascribed to that term in the relevant early case motion. Except as otherwise indicated, all facts stated in this Declaration are based upon my personal knowledge, my review of the relevant documents, or my opinion based upon my experience and knowledge of the business operations and financial affairs of the Debtor. If I am called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtor.

**BACKGROUND OF HESPERIA OPERATIONS**

7. The Debtor is a California limited liability company with its headquarters located in the State of Arizona.

8. I am the managing member of the Debtor. I hold a 24.75% ownership interest in the Debtor along with the following members Lipsa S. Patel (holds a 24.75% ownership interest), Mayank S. Patel (holds a 24.75% ownership interest) and Mukesh B.

Patel (holds a 24.75% ownership interest).

9. The Hotel is the Debtor's primary asset.

10. The Hotel includes 71 guest rooms and 29 suites. The Hotel also has an indoor swimming pool, spa, fitness room, meeting room, and wireless high speed internet.

## INVENTORY OF HOTEL

11. The Hotel's inventory consists of, among other things, towels, lamps, tables, desks, sofas, beds, linens, pillows, time clock, mirrors, hair dryers, hangers, irons, ironing boards, internet cable, refrigerators, trash cans, ice buckets, picture frames, television, chairs, microwaves, coffee makers, fitness equipment, plates, utensils and flatware, glasses, clothes washers and dryers, computers, fax machines, printers, and filing cabinets. The Hotel also operates a fully stocked kitchen with typical food and beverage items for sale.

## HOTEL FRANCHISE

12. The Debtor also owns the rights to a license for a Holiday Inn franchise for the Hotel pursuant to the terms of the *License Agreement* dated May 2, 2007 (the "License Agreement") entered into by and between the Debtor, as licensee, and Holiday Hospitality Franchising, LLC (as successor in interest to Holiday Hospitality Franchising, Inc.) ("HHF"), as licensor. Since 2007, the Hotel has continuously operated under the Holiday Inn License Agreement.

**SECURED LOAN AND UNREASONABLE LOCK-BOX DEMAND MADE BY LEHMAN BROTHERS BANK, FSB**

13. The Debtor's primary secured creditor is Lehman Brothers Bank, FSB ("Lehman").

14. In May 2007, Lehman made a business loan to the Debtor in the principal amount of $9,000,000 (the "Loan"). A copy of the Promissory Note evidencing the Loan is attached to this Declaration as Exhibit "A."

15. Lehman asserts a lien in the Hotel (among other property) pursuant to the *Deed of Trust, Fixture Filing And Security Agreement* (the "Deed of Trust" and with all other documents evidencing the Loan and security interest of Lehman, collectively, the "Loan Documents") executed by the Debtor, as borrower, for the benefit of Lehman, as lender. A copy of the Deed of Trust is attached to this Declaration as Exhibit "B."

16. Berkadia Commercial Mortgage LLC ("Berkadia") services the Loan for the Lender.

17. On or about May 21, 2013, Berkadia, on behalf of the Lender, provided the Debtor with written notice that the Debtor was purportedly not in compliance with the Debt Service Coverage Ratio (the "DSCR") required under the Loan Documents for the twelve month periods ending December 31, 2012, March 31, 2013, and June 30, 2013.

18. As a result, Berkadia demanded that the Borrower set-up and use a lock-box account (in the exclusive control of Lehman) for depositing all "Rents" as allegedly required under the Deed of Trust.

19. The Debtor disputed that its DSCR triggered a lock-box account requirement under the Deed of Trust. Among other reasons, the demand for a lock-box by Berkadia and Lehman was unreasonable under the circumstances and further, the Hotel does not generate "Rents" as that term is used in the Loan Documents, therefore, there was (and is) nothing for the Debtor to deposit into a lock-box account. Further, even if the lock-box demand were properly triggered (and it was not) and the Debtor was required to deposit all cash into a lock-box within the exclusive control of Lehman, the Debtor's ongoing business operations would suffer and be irreparably harmed.

20. As of the Petition Date, the Debtor, Berkadia and Lehman have not resolved the lock-box dispute.

21. The issues with Berkadia, in conjunction with other downward economic forces have resulted in the need for bankruptcy protection.

# APPLICATION FOR AUTHORIZATION TO RETAIN G&K

22. The Debtor requests authorization to employ Gallagher & Kennedy, P.A. ("G&K") as its bankruptcy counsel.

23. The professional services that the Debtor requires, and has requested that G&K perform in the case, include the following:

    i. provide legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business and management of its property;

    ii. prepare on behalf of the Debtor necessary applications, motions, answers, orders, reports and other legal papers;

    iii. appear in Court and protect the interests of the Debtor before the Court;

    iv. assist the Debtor with loan workouts and with the collection and disposition of Debtor's assets, by sale or otherwise;

    v. assist the Debtor with its ongoing corporate and regulatory legal needs;

    vi. represent the Debtor in any future collection or other litigation commenced (or to be commenced) by and/or against the Debtor;

    vii. assist the Debtor in preparing and confirming a Chapter 11 plan; and

    viii. represent the Debtor in connection with all aspects of the bankruptcy case and perform all legal services for Debtor which may be necessary and proper in these proceedings.

24. The Debtor will ask G&K to file interim fee applications to allow the Debtor, the United States Trustee, creditors and other parties in interest an opportunity to monitor and control the costs and fees of estate professionals on a current basis.

## MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL

25. In addition to the Hotel, Lehman asserts a security interest in all cash of the Debtor.

26. The Debtor has filed a Motion requesting authority to use the cash collateral of Lehman during the first three (3) months of this bankruptcy case.

27. As adequate protection of any demonstrated interest in cash collateral the Debtor has agreed to grant a replacement lien on all post-petition assets of the Debtor, of the same type as served as collateral for any loan pre-petition, and to the same extent, validity, and priority as any pre-petition liens attached to the pre-petition collateral.

28. To the best knowledge of the Debtor, no party other than Lehman claims or has an interest in the Debtors' cash collateral.

## MOTION FOR ORDER AUTHORIZING THE DEBTOR TO UTILIZE EXISTING BANK ACCOUNTS

29. Advance Management & Investment, LLC handles payroll for the Debtor. Advance Management hired Guju, Inc. to handle payroll for housekeeping, laundry, bistro, and maintenance staff at the Hotel.

30. The main operating accounts for the Debtor are under the centralized control of the Debtor's management, and only the officers and controller of the Debtor have access to these accounts. A brief summary of the various bank accounts and overall cash management system utilized by the Debtor is set forth on Exhibit "C" to this Declaration.

31. The Debtor is concerned that closing the Bank Accounts could lead to significant disruption in their business operations, and may cause their vendors and customers to suffer alarm if they are unable to complete transactions in the ordinary course of business with the Debtor.

32. In particular, third party credit card processors who manage non-cash transactions of the Hotel will be disrupted if current accounts are closed and debtor-in-

possession ("DIP") accounts are opened. A change to DIP accounts would lead to a detrimental delay in receiving critical income related to credit cards transactions if new accounts must be opened. Such a delay is detrimental to the estate and its creditors. Presently, income related to credit card transactions is a significant source of revenue for the Hotel.

33. Upon information and belief, the Debtor's current banking institutions are all FDIC insured institutions.

34. Accordingly, in light of time, expense, and disruption to the Debtor's business that would be caused by the closing of these numerous accounts, as well as the interference with the Debtor's overall cash management system, the Debtor has requested authorization from the Court to maintain its pre-existing bank accounts during the pendency of this case.

35. Absent immediate relief as requested herein, the Hotel will not be unable to provide adequate servicing of rooms, restaurant and bar services, and convention/banquet services required by its guests in a timely fashion, and without the ability to provide these services on a regular basis to its guests, the likelihood of a successful and expedient reorganization will be jeopardized.

36. I declare under penalty of perjury under the laws of the United States of America, that all of the statements that I have made in this Declaration are true and correct to the best of my knowledge, information and belief. If called to testify in this matter, I would testify as stated in this Declaration.

RESPECTFULLY SUBMITTED this 11th day of October, 2013.

**HESPERIA GROUP INVESTMENTS, LLC**

By /s/ Nilay S. Patel
Nilay Patel

3790950v1/99-8796                    7

Case 0:13-bk-17867-EWH    Doc 2    Filed 10/11/13    Entered 10/11/13 13:29:17    Desc
Main Document    Page 7 of 10

| 1 | ORIGINAL filed and copies of the foregoing delivered this 11th day of October, 2013 via the CM/ECF Electronic Notification System and via First Class U.S. Mail to all parties on the master mailing list attached to the Court's copy only. |
|---|---|
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | By: */s/ Rachel H. Milazzo* |

| | |
|---|---|
| AT&T<br>P. O. BOX 769<br>ARLINGTON TX 76004 | BERKADIA COMMERCIAL MORTGAGE<br>2525 E. CAMELBACK ROAD, SUITE 1150<br>PHOENIX AZ 85016 |
| BERKADIA COMMERCIAL MORTGAGE<br>PO BOX 95000-5310<br>PHILADELPHIA PA 19195 | BREWERTON INVESTMENTS LLC<br>11131 EAST MONUMENT DRIVE<br>SCOTTSDALE AZ 85262 |
| BRUNO SALAMONE AND JAMI SALAMONE<br>14201 N. 87TH STREET, SUITE 125<br>SCOTTSDALE AZ 85260 | BUILDING EQUITY PARNERS, LLC<br>14201 N. 87TH STREET, SUITE 125<br>SCOTTSDALE AZ 85260 |
| FIRST TRUST COMPANY OF ONAGA<br>AS CUSTODIAN OF ANITA R. STERLING IRA<br>214 W. 9TH STREET<br>ONAGA KS 66521 | FIRST TRUST COMPANY OF ONAGA<br>AS CUSTODIAN OF WILLIAM R. HURST IRA<br>214 W. 9TH STREET<br>ONAGA KS 66521 |
| FIRST TRUST COMPANY OF ONAGA<br>AS CUSTODIAN OF JOHN GEORGE KLEIN II IRA<br>214 W. 9TH STREET<br>ONAGA KS 66521 | HOLIDAY HOSPITALITY FRANCHISING, INC.<br>THREE RAVINIA DRIVE, SUITE 100<br>ATLANTA GA 30346 |
| INNFLUX, LLC<br>850 W. JACKSON BLVD., SUITE 250<br>CHICAGO IL 60607 | INTERCONTINENTAL HOTELS GROUP<br>3 RAVINIA DR NE #100<br>ATLANTA GA 30346 |
| LEHMAN BROTHERS BANK, FSB<br>399 PARK AVENUE, 8TH FLOOR<br>NEW YORK NY 10022 | MS. EMILIE PINKELMAN<br>CLIENT RELATIONS MANAGER, BERKADIA<br>6955 UNION PARK CENTER, SUITE 450<br>MIDVALE UT 84047 |

RSY CONSULTING, LLC
5455 LINDSAY ROAD
FLAGSTAFF AZ 86004

SAN BERNARDINO COUNTY TREASURER
172 W. THIRD STREET, FIRST FLOOR
SAN BERNARDINO CA 92415-0360

SANCTUARY LOANS LLC
4653 CARMEL MOUNTAIN RD, SUITE 308-221
SAN DIEGO CA 92130

STROOCK & STROOCK & LAVAN LLP
C/O WILLIAM CAMPBELL, ESQ.
180 MAIDEN LANE
NEW YORK NY 10038

USA TODAY
7950 JONES BRANCH DRIVE
MC LEAN VA 22108

OFFICE OF THE UNITED STATES TRUSTEE
230 N. 1ST AVENUE
SUITE 204
PHOENIX, AZ 85003